UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>LIDINGO HOLDINGS, LLC, *et al.*,<br><br>Defendants. | Case No. C17-1600 RSM<br><br>ORDER GRANTING IN PART AND DENYING IN PART SECOND MOTION TO DISMISS |

## I. INTRODUCTION

This matter comes before the Court on Defendant Kamila Bjorlin's Motion to Dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. #81. Defendant Bjorlin seeks dismissal of all claims against her on the basis that they are time-barred as she asserts that all claims are solely-derivative of the claims previously dismissed against former Defendant Lidingo Holdings, LLC ("Lidingo"). *Id.* Plaintiff opposes the motion, asserting that its claims are not time-barred, and that it has adequately pled its claims against Defendant Bjorlin in her individual capacity separate and apart from the claims it previously brought against Lidingo. Dkt. #83. Having reviewed the record before it, and finding oral argument to be unnecessary on this motion, the Court now GRANTS IN PART AND DENIES IN PART Defendant's motion to dismiss for the reasons discussed herein.

ORDER
PAGE - 1

## II. BACKGROUND

Plaintiff initially filed its Complaint in the United States District Court for the Southern District of New York. Dkt. #1. The matter was subsequently transferred to this Court on October 27, 2017. Dkt. #53. According to the parties:

> Following an investigation, the SEC filed this action under the antifraud and antitouting provisions of the federal securities laws alleging Defendants Lidingo Holdings, LLC ("Lidingo"), Kamilla Bjorlin ("Bjorlin"), Andrew Hodge ("Hodge"), Brian Nichols ("Nichols"), and Vincent Cassano ("Cassano") engaged in a scheme to promote the stock of public companies without disclosing compensation they received for the promotion directly or indirectly from the issuers, and in many instances, by falsely stating they had received no compensation at all.
>
> The SEC has charged Defendants with violating Sections 17(a) and 17(b) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77q(a) and 77q(b); and Section 10(b) and Rule 10b-5 of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5. Defendants have responded with numerous defenses to the counts raised.

Dkt. #61 at 1-2. Defendants Lidingo and Cassano have since been dismissed from this action. Dkts. #72 and #73. In its prior Order dismissing Lidingo, the Court denied Plaintiff leave to amend, and directed that, "[d]ue to the length and complexity of the Complaint in this case, **no later than fourteen (14) days from the date of this Order,** Plaintiff shall file an Amended Complaint in conformance with the rulings in this Order." Dkt. #73 at 19.

Plaintiff then filed a Motion for Clarification of the Court's Order of Dismissal. Dkt. #74. The Court declined to clarify its Order, finding that Plaintiff sought "impermissible guidance on how to file its Amended Complaint." Dkt. #76. Plaintiff filed its Amended Complaint on June 8, 2018. Dkt. #77. The instant motion followed.

///

///

///

### III. DISCUSSION

**A. Standard of Review**

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, the Court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Absent facial plausibility, Plaintiff's claims must be dismissed. *Twombly*, 550 U.S. at 570.

Though the Court limits its Rule 12(b)(6) review to allegations of material fact set forth in the Complaint, the Court may consider documents of which it has taken judicial notice. *See* F.R.E. 201; *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). Defendant Bjorlin has asked to Court to take judicial notice, as it previously did, that Lidingo Holdings, LLC, with registered agent Kamilla Bjorlin, was formerly registered to do business in the State of Washington, but is now terminated. Dkt. #81 at 3. The Court will do so, as this information is contained in the public records maintained by the Secretary of State of the State of Washington, and can be retrieved on the public website for the Secretary of State of the State of Washington Corporations division. https://www.sos.wa.gov/corps/ (*last visited* July 25, 2018). Defendant Bjorlin also requests that the Court take judicial notice that Lidingo was dissolved in Nevada on

October 14, 2014. Dkt. #81 at 3. Plaintiff does not dispute that fact. Dkt. #83 at 1, fn. 1. Accordingly the Court also takes judicial notice of that fact.

**B. Time-Bar Under Nevada Law**

As an initial matter, the Court finds it necessary to address Plaintiff's ongoing contention that this Court erred in previously finding that Nevada Revised Statutes ("NRS") § 86.505(1) created a time-bar to Plaintiff's claims against Lidingo and some of the claims against Defendant Bjorlin. *See* Dkts. #74 and #83 at 6-7, fn. 2. While the Court appreciates that Plaintiff has a differing analysis of the law, and seeks to preserve the issue for appeal, the Court also believes that Plaintiff has mischaracterized the Court's analysis in its prior Order.

Plaintiff apparently believes that this Court's prior ruling was only "based on *Williams v. United States*, 674 F. Supp. 334 (1987). . . ." Dkt. #83 at 6, fn. 2. That assertion mischaracterizes the Court's prior Order. Indeed, the Court's prior ruling was based on its own analysis of the application of *U.S. v. Summerlin*, 310 U.S. 414, 417, 60 S. Ct. 1019, 1020, 84 L. Ed.1283 (1940), the Nevada statute at issue, the way state courts have examined the type of statute at issue, and the Ninth Circuit Court of Appeals' analysis of other similar statutes. Dkt. #73 at 3-8. The Court discussed *Williams* for illustrative purposes, and noted that it found the reasoning applied in that case to also be persuasive in this case. However, the Court recognized, and continues to recognize, that it is not bound to follow any out-of-circuit court, or any District Court for that matter. The Court continues to rely on its <u>own</u> reasoning in finding that the Nevada statute serves as a time-bar for the claims against former Defendant Lidingo, it has noted Plaintiff's disagreement with that analysis, and advises Plaintiff that it is not necessary to continue to raise that disagreement as this Court will not revisit the issue.

## C. Adequacy of Amended Complaint

The Court now turns to Plaintiff's Amended Complaint. The Court previously held that it would dismiss all claims against Defendant Bjorlin that were "solely derivative" of the claims against Lidingo. Dkt. #73 at 9. In the Amended Complaint, Plaintiff continues to assert claims against Ms. Bjorlin. It is those claims that are now at issue in this motion. Defendant Bjorlin argues that all remaining claims against her are solely derivative, and therefore she must be dismissed as a Defendant under Nevada law. The Court disagrees.

First, the Court notes that it previously rejected that argument with respect to Counts IV and VI of the original Complaint (which are also Counts IV and VI in the Amended Complaint), alleging scheme liability under Rule 19(b) and subsections (a) and (c) of Rule 10b-5, and found that they were adequately pleaded against Defendant Bjorlin. Dkt. #73 at 13-15. Nothing in Defendant Bjorlin's instant motion changes that analysis. Accordingly, the Court declines to dismiss those claims at this stage of the proceedings. Likewise, the Court previously declined to dismiss Counts I and III against Defendant Bjorlin (which are also Counts I and III in the Amended Complaint), and will not revisit its ruling as to those claims. Dkt. #73 at 15-17.

With respect to Counts XV and XVI in the original Complaint (which are now just Count XV in the Amended Complaint), the Court dismissed those claims as time-barred. Dkt. #73 at 18. Nothing in the instant motion changes the Court's prior analysis. Accordingly, Count XV of the Amended Complaint will be DISMISSED.

Finally, the Court turns to the Aiding and Abetting Counts VII-XIV in the Amended Complaint as alleged against Ms. Bjorlin. For the reasons set forth in Plaintiff's response to the motion, the Court agrees that the claims, as alleged, are not solely derivative of the former claims

against Lidingo, and therefore are not time-barred. *See* Dkt. #83 at 10-12. Accordingly, the Court declines to dismiss those claims at this time.

### D. Leave to Amend

Ordinarily, leave to amend a complaint should be freely given following an order of dismissal, "unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987); *see also DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) ("A district court does not err in denying leave to amend where the amendment would be futile." (citing *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990)). With respect to Counts XV and XVI in the original Complaint (which are now just Count XV in the Amended Complaint), the Court concludes that granting leave to amend that count again would be futile given that the Court has now twice dismissed the claim as time-barred.

### IV. CONCLUSION

Having reviewed Defendant Bjorlin's motion to dismiss, Plaintiff's opposition thereto and the reply in support thereof, along with the remainder of the record, the Court hereby ORDERS that Defendant's Motions to Dismiss (Dkt. #81) is GRANTED IN PART and DENIED IN PART as discussed above. Any further motion for leave to amend Count XV will be denied.

DATED this 26th day of July 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE