The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | CASE NO. 2:17-cv-1600-RSM |
| Plaintiff, | FINAL JUDGMENT AS TO DEFENDANT KAMILLA BJORLIN |
| v. | |
| KAMILLA BJORLIN, ANDREW HODGE, and BRIAN NICHOLS, | |
| Defendants. | |

The Securities and Exchange Commission ("Commission") having filed a Complaint and Defendant Kamilla Bjorlin ("Bjorlin") having entered a general appearance; consented to the Court's jurisdiction over her and the subject matter of this action; consented to entry of this final judgment ("Final Judgment") without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in Paragraph VIII); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment, IT IS HEREBY ORDERED AND ADJUDGED that:

FINAL JUDGMENT
AS TO DEFENDANT KAMILLA BJORLIN
CASE NO. 2:17-CV-1600-RSM (W.D. WASH.)     1

SECURITIES AND EXCHANGE COMMISSION
100 F ST. NE, WASHINGTON, DC 20549
202-551-4473

**I.**

**PERMANENT INJUNCTION AS TO SECTION 17(a) OF THE SECURITIES ACT**

Bjorlin is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly: (i) to employ any device, scheme, or artifice to defraud; (ii) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or (iii) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

As provided in Rule 65(d)(2) of the Federal Rules of Civil Procedure, the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (i) Bjorlin's agents, servants, employees, and attorneys; and (ii) other persons in active concert or participation with Bjorlin or with anyone described in (i).

**II.**

**PERMANENT INJUNCTION AS TO SECTION 17(b) OF THE SECURITIES ACT**

Bjorlin is permanently restrained and enjoined from violating Section 17(b) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(b), by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, to publish, give publicity to, or circulate any notice, circular, advertisement, newspaper, article, letter, investment service, or communication which, though not purporting to offer a security for sale, describes such security for a consideration received or to be received, directly or indirectly, from an issuer, underwriter, or dealer, without fully disclosing the receipt, whether past or prospective, of such consideration and the amount thereof.

As provided in Rule 65(d)(2) of the Federal Rules of Civil Procedure, the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal

FINAL JUDGMENT
AS TO DEFENDANT KAMILLA BJORLIN
CASE NO. 2:17-CV-1600-RSM (W.D. WASH.)     2

SECURITIES AND EXCHANGE COMMISSION
100 F ST. NE, WASHINGTON, DC 20549
202-551-4473

service or otherwise: (i) Bjorlin's agents, servants, employees, and attorneys; and (ii) other persons in active concert or participation with Bjorlin or with anyone described in (i).

## III.

## **PERMANENT INJUNCTION AS TO**

## **SECTION 10(b) AND RULE 10b-5 OF THE EXCHANGE ACT**

Bjorlin is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) and Rule 10b-5 of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security: (i) to employ any device, scheme, or artifice to defraud; (ii) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (iii) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

As provided in Rule 65(d)(2) of the Federal Rules of Civil Procedure, the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (i) Bjorlin's agents, servants, employees, and attorneys; and (ii) other persons in active concert or participation with Bjorlin or with anyone described in (i).

## IV.

## **DISGORGEMENT AND CIVIL PENALTY**

Bjorlin is liable for disgorgement of $437,611, representing ill-gotten gains received by her as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $107,061, and a civil penalty in the amount of $160,000 pursuant to 15 U.S.C. §§ 77t(d) and 15 U.S.C. § 78u(d)(3). Bjorlin shall satisfy this obligation by paying the total amount of $704,672, plus post-judgment interest, to the Commission within 30 days after entry of this Final Judgment.

Bjorlin may transmit payment electronically to the Commission, which will provide detailed

FINAL JUDGMENT
AS TO DEFENDANT KAMILLA BJORLIN
CASE NO. 2:17-CV-1600-RSM (W.D. WASH.)   3

SECURITIES AND EXCHANGE COMMISSION
100 F ST. NE, WASHINGTON, DC 20549
202-551-4473

ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Bjorlin may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying this action (*SEC v. Kamilla Bjorlin, et al.,* 2:17-cv-1600-RSM (W.D. Wash.)); identifying Bjorlin as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Bjorlin shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making these payments, Bjorlin relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Bjorlin. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 30 days following entry of this Final Judgment. Bjorlin shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

V.

**OFFICER AND DIRECTOR BAR**

Pursuant to Section 20(e) of the Securities Act, 15 U.S.C. § 77t(e), and Section 21(d)(2) of the Exchange Act, 15 U.S.C. § 78u(d)(2), Bjorlin is prohibited, for five years following the date of entry of this Final Judgment, from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78l, or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78o(d).

VI.

FINAL JUDGMENT
AS TO DEFENDANT KAMILLA BJORLIN
CASE NO. 2:17-CV-1600-RSM (W.D. WASH.)   4

SECURITIES AND EXCHANGE COMMISSION
100 F ST. NE, WASHINGTON, DC 20549
202-551-4473

**PENNY STOCK BAR**

Pursuant to Section 20(g) of the Securities Act, 15 U.S.C. § 77t(g), and Section 21(d)(6) of the Exchange Act, 15 U.S.C. § 78u(d)(6), Bjorlin is barred, for a period of five years following the date of entry of this Final Judgment, from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act, 17 C.F.R. 240.3a51-1.

## VII.

## INCORPORATION OF CONSENT

The Consent is incorporated herein with the same force and effect as if fully set forth herein, and Bjorlin shall comply with all of the undertakings and agreements set forth therein.

## VIII.

## BANKRUPTCY NONDISCHARGEABILITY

Solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the Complaint are true and admitted by Bjorlin, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Bjorlin under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Bjorlin of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

## IX.

## RETENTION OF JURISDICTION

This Court shall retain jurisdiction of this matter and of Bjorlin for the purposes of enforcing the terms of this Final Judgment.

FINAL JUDGMENT
AS TO DEFENDANT KAMILLA BJORLIN
CASE NO. 2:17-CV-1600-RSM (W.D. WASH.)   5

SECURITIES AND EXCHANGE COMMISSION
100 F ST. NE, WASHINGTON, DC 20549
202-551-4473

## X.

## **RULE 54(b) CERTIFICATION**

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: Seattle, Washington

January 8, 2019

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

FINAL JUDGMENT
AS TO DEFENDANT KAMILLA BJORLIN
CASE NO. 2:17-CV-1600-RSM (W.D. WASH.)

6

SECURITIES AND EXCHANGE COMMISSION
100 F ST. NE, WASHINGTON, DC 20549
202-551-4473