# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>KAMILLA BJORLIN, ANDREW HODGE, and BRIAN NICHOLS,<br><br>Defendants. | CASE NO. 2:17-cv-1600-RSM<br><br>FINAL JUDGMENT AS TO DEFENDANT ANDREW HODGE |

The Securities and Exchange Commission ("Commission") having filed a Complaint and Defendant Andrew Hodge ("Hodge") having entered a general appearance; consented to the Court's jurisdiction over him and the subject matter of this action; consented to entry of this Final Judgment ("Final Judgment") without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in Paragraph VII); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment, IT IS HEREBY ORDERED AND ADJUDGED that:

FINAL JUDGMENT
AS TO DEFENDANT ANDREW HODGE
CASE NO. 2:17-CV-1600-RSM (W.D. WASH.) 1

SECURITIES AND EXCHANGE COMMISSION
100 F ST. NE, WASHINGTON, DC 20549
202-551-4473

# I.

**PERMANENT INJUNCTION AS TO SECTION 17(a) OF THE SECURITIES ACT**

Hodge is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly: (i) to employ any device, scheme, or artifice to defraud; (ii) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or (iii) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

As provided in Rule 65(d)(2) of the Federal Rules of Civil Procedure, the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (i) Hodge's agents, servants, employees, and attorneys; and (ii) other persons in active concert or participation with Hodge or with anyone described in (i).

# II.

**PERMANENT INJUNCTION AS TO SECTION 17(b) OF THE SECURITIES ACT**

Hodge is permanently restrained and enjoined from violating Section 17(b) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(b), by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, to publish, give publicity to, or circulate any notice, circular, advertisement, newspaper, article, letter, investment service, or communication which, though not purporting to offer a security for sale, describes such security for a consideration received or to be received, directly or indirectly, from an issuer, underwriter, or dealer, without fully disclosing the receipt, whether past or prospective, of such consideration and the amount thereof.

As provided in Rule 65(d)(2) of the Federal Rules of Civil Procedure, the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal

FINAL JUDGMENT
AS TO DEFENDANT ANDREW HODGE
CASE NO. 2:17-CV-1600-RSM (W.D. WASH.)  2

SECURITIES AND EXCHANGE COMMISSION
100 F ST. NE, WASHINGTON, DC 20549
202-551-4473

service or otherwise: (i) Hodge's agents, servants, employees, and attorneys; and (ii) other persons in active concert or participation with Hodge or with anyone described in (i).

## III.

## **PERMANENT INJUNCTION AS TO**

## **SECTION 10(b) AND RULE 10b-5 OF THE EXCHANGE ACT**

Hodge is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) and Rule 10b-5 of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security: (i) to employ any device, scheme, or artifice to defraud; (ii) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (iii) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

As provided in Rule 65(d)(2) of the Federal Rules of Civil Procedure, the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (i) Hodge's agents, servants, employees, and attorneys; and (ii) other persons in active concert or participation with Hodge or with anyone described in (i).

## IV.

## **DISGORGEMENT AND CIVIL PENALTY**

Hodge is liable for disgorgement of $314,610, representing ill-gotten gains received by him as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $76,968, and a civil penalty in the amount of $75,000 pursuant to 15 U.S.C. §§ 77t(d) and 15 U.S.C. § 78u(d)(3).

Hodge shall satisfy this obligation by paying the total amount of $466,578, plus post-judgment interest, to the Commission in five installments as set forth herein. Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post

FINAL JUDGMENT
AS TO DEFENDANT ANDREW HODGE
CASE NO. 2:17-CV-1600-RSM (W.D. WASH.)  3

SECURITIES AND EXCHANGE COMMISSION
100 F ST. NE, WASHINGTON, DC 20549
202-551-4473

judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 30 days of the entry of Final Judgment.

The five installment payments shall be made to the Commission according to the following schedule: (1) the first installment of $69,986 is due within 30 days of entry of this Final Judgment; (2) the second installment of $99,148 is due within 90 days of entry of this Final Judgment; (3) the third installment of $99,148 is due within 180 days of entry of this Final Judgment; (4) the fourth installment of $99,148 is due within 270 days of entry of this Final Judgment; and (5) the fifth installment of $99,148, plus an amount equal to the accrued post-judgment interest, is due within 365 days of entry of this Final Judgment. Prior to making the final payment set forth herein, Hodge shall contact the staff of the Commission for the amount due for the final payment.

If Hodge fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

Hodge may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Hodge may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying this action (*SEC v. Kamilla Bjorlin, et al.,* 2:17-cv-1600-RSM (W.D. Wash.)); identifying Hodge as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

FINAL JUDGMENT
AS TO DEFENDANT ANDREW HODGE
CASE NO. 2:17-CV-1600-RSM (W.D. WASH.) 4

SECURITIES AND EXCHANGE COMMISSION
100 F ST. NE, WASHINGTON, DC 20549
202-551-4473

Hodge shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making these payments, Hodge relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Hodge. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 30 days following entry of this Final Judgment. Hodge shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## V.

## PENNY STOCK BAR

Pursuant to Section 20(g) of the Securities Act, 15 U.S.C. § 77t(g), and Section 21(d)(6) of the Exchange Act, 15 U.S.C. § 78u(d)(6), Hodge is barred, for a period of five years following the date of entry of this Final Judgment, from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act, 17 C.F.R. 240.3a51-1.

## VI.

## INCORPORATION OF CONSENT

The Consent is incorporated herein with the same force and effect as if fully set forth herein, and Hodge shall comply with all of the undertakings and agreements set forth therein.

## VII.

## BANKRUPTCY NONDISCHARGEABILITY

Solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the Complaint are true and admitted by Hodge, and

FINAL JUDGMENT
AS TO DEFENDANT ANDREW HODGE
CASE NO. 2:17-CV-1600-RSM (W.D. WASH.)    5

SECURITIES AND EXCHANGE COMMISSION
100 F ST. NE, WASHINGTON, DC 20549
202-551-4473

further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Hodge under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Hodge of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

## VIII.

## **RETENTION OF JURISDICTION**

This Court shall retain jurisdiction of this matter and of Hodge for the purposes of enforcing the terms of this Final Judgment.

## IX.

## **RULE 54(b) CERTIFICATION**

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: Seattle, Washington
January 8, 2019

_____
RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

FINAL JUDGMENT
AS TO DEFENDANT ANDREW HODGE
CASE NO. 2:17-CV-1600-RSM (W.D. WASH.)

6

SECURITIES AND EXCHANGE COMMISSION
100 F ST. NE, WASHINGTON, DC 20549
202-551-4473